UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LARRY ALAN WHITED         ]
    Petitioner,           ]
                          ]
v.                        ]         No. 3:12-0400
                          ]         Judge Sharp
STATE OF TENNESSEE        ]
    Respondent.           ]

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee, seeking a writ of habeas corpus.

### I. Background

On April 29, 2004, a jury in Sumner County found the petitioner guilty of reckless endangerment, three counts of aggravated assault and second degree murder. Docket Entry No.21-1 at pg.137. For these crimes, he received an aggregate sentence of forty five (45) years in prison. *Id.* at pgs.138-143.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the petitioner's convictions and sentences. Docket Entry No.23-4. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No.23-6.

1

In June, 2007, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Sumner County. Docket Entry No.24-4. Following the appointment of counsel and an evidentiary hearing, the trial judge found that the petitioner had raised a meritorious sentencing issue. The petitioner was granted post-conviction relief in the form of a new sentencing hearing. Docket Entry No.24-5.

A hearing was conducted and the petitioner was again sentenced to serve forty five (45) years in prison. Docket Entry No.23-9. On appeal, the Tennessee Court of Criminal Appeals modified petitioner's sentences, giving him an effective sentence of thirty four (34) years plus six months in prison. Docket Entry No.24-3.

## II. Procedural History

In March, 2012, the petitioner submitted in this Court a motion (Docket Entry No.1) asking for permission to file a petition for habeas corpus relief. The petitioner's motion was granted. Docket Entry No.2.

On April 23, 2012, the petitioner filed a *pro se* petition for writ of habeas corpus (Docket Entry No.7). In the petition, the petitioner asserts two claims for relief. More specifically, he alleges that :

> 1) there was insufficient evidence to support a conviction for second degree murder; and
>
> 2) the second degree murder conviction should be overturned because the

2

> jury was not properly instructed "on
> the entire basis of the second degree
> murder circumstances" and "direct evidence
> to prove the petitioner's innocence of
> the murder were excluded...".

Upon receipt of the petition, the Court examined it and concluded that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.8) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is respondent's Answer (Docket Entry No.20) to the petition, to which the petitioner has filed a Response (Docket Entry No.33) in Opposition to the Answer.

Having carefully considered the petition, respondent's Answer, petitioner's Response in Opposition, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A) Procedurally Defaulted Claim**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition.

3

Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). A claim has been fairly presented when the petitioner has raised both the factual and legal basis for his claim in the state courts. Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th Cir. 2007).[1]

The petitioner challenges only the validity of his conviction for second degree murder. He has alleged that this conviction must fall because the jury was not properly instructed by the trial judge (Claim No.2). This claim, however, was never raised in the state appellate courts on either direct appeal or during post-

---

[1] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

4

conviction proceedings. *See* Docket Entry No.23-1 (direct appeal); Docket Entry No.24-1 (post-conviction).

Unfortunately, at this late time, state court remedies for this claim are no longer available. Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to his jury instruction claim. <u>Alley v. Bell</u>, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim via procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument

5

as to the precise cause and prejudice produced. <u>Lundgren v. Mitchell</u>, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. <u>United States v. Frady</u>, 456 U.S. 152, 170-72 (1982).

The petitioner asserts that his failure to exhaust the jury instruction claim in the state appellate courts is attributable to the ineffectiveness of counsel. Docket Entry No.7 at pg.8. The ineffectiveness of counsel can serve as cause for a procedural default. <u>Murray</u>, *supra* at pgs.488-489. However, unless the ineffectiveness of counsel has itself already been fully exhausted as an independent constitutional claim, it cannot serve as cause for another procedurally defaulted claim. <u>Edwards v. Carpenter</u>, 529 U.S. 446,453 (2000). In this regard, the petitioner has never alleged the ineffectiveness of counsel as an independent constitutional claim in the state courts. Therefore, the petitioner has not put forth cause and prejudice sufficient to excuse the procedural default of his jury instruction claim.

**B) Fully Exhausted Claim**

The petitioner's remaining claim, i.e., the sufficiency of the evidence to support his conviction for second degree murder (Claim

6

No.1), has been fully exhausted on the merits in the state courts on direct appeal. Docket Entry No.23-1.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

The right to due process guaranteed to us by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof

7

has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 324 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.*

The evidence shows that the petitioner and an associate, William Rutherford, came to the door of some friends and were let into their home. The petitioner was armed with an assault rifle while his associate possessed a pistol given to him by the petitioner.

Once inside the home, the armed pair demanded money that the petitioner believed was owed to him. One of the residents, Charlie DeMoss, struggled with Rutherford and was shot. Docket Entry No.21-6 at pg.127. DeMoss managed to flee from the home seeking help.

The petitioner then confronted a female resident, Rhonda DeMoss, on the staircase while she was holding a baby. Brandon Williams, a guest at the home, attempted to intervene. Rutherford stopped Williams and escorted him into the kitchen. Seconds later, shots were fired.[2] The petitioner and his companion fled from the scene. Williams was found in the kitchen bleeding from at least three gunshot wounds. Before he died, Williams told another

---

[2] The evidence revealed that Brandon Williams had been shot at least twice in the back.

resident that "William Rutherford did this". *Id.* at pg.159.

Second degree murder is defined in Tennessee as the "knowing killing of another". Tenn. Code Ann. § 39-13-210(a)(1). The evidence clearly showed that it was Rutherford, and not the petitioner, who shot and killed Brandon Williams. The petitioner, however, can still be held criminally responsible for the murder if, while "acting with intent to promote or assist the commission of the offense,.... the person solicits, directs, aids, or attempts to aid another person to commit the offense." Tenn. Code Ann. § 39-11-402(2).

In this instance, the evidence showed that the petitioner recruited Rutherford to accompany him to the DeMoss home to get some money and scare the residents. The petitioner gave Rutherford the murder weapon and brought an assault rifle for his own use. The armed pair used their weapons to threaten the residents of the home. The petitioner later confessed his involvement in the plan to rob the DeMoss family and frighten them. Docket Entry No.22-2 at pgs.63-67.

From this proof, any rational jurors could have found beyond a reasonable doubt that the petitioner was an accomplice to the murder of Brandon Williams. Thus, the state courts did not offend federal law by finding that the evidence was sufficient to support the petitioner's conviction for second degree murder.

9

## IV. CONCLUSION

For the reasons noted above, the petitioner has failed to state a claim upon which habeas corpus relief can be granted. Therefore, his petition will be denied and this action shall be dismissed.

_____
Kevin H. Sharp
United States District Judge